**In re Anonymous No. 24 D.B. 80**

Disciplinary Board Docket no. 24 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

SCHIAVO, *Board Member,* May 27, 1981—Pursuant to Pa.R.D.E. 208(d) (Enforcement Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above proceeding.

## I. STATEMENT OF THE CHARGES

Respondent, an attorney admitted to the practice of law in the Commonwealth of Pennsylvania, with his office located in the County of [ ] has been charged by petitioner, Office of Disciplinary Counsel, with violation of the following four Disciplinary Rules of the Code of Professional Responsibility:

A.  D.R. 6-101(A)(3) which prohibits an attorney from neglecting a legal matter entrusted to him;

B.  D.R. 7-101(A)(1) which prohibits an attorney from intentionally failing to seek the lawful objectives of his client through reasonably available means;

C.  D.R. 7-101(A)(3) which prohibits an attorney from intentionally failing to carry out a contract of

employment entered into with a client for professional services; and

D. D.R. 7-101(A)(3) which prohibits an attorney from intentionally prejudicing or damaging his client during the course of the professional relationship.

The charges arise out of respondent's failure to properly represent [A] on her negligence claim against defendant for damages to her house as a result of the negligent pumping of oil into her basement thereof by an employe of defendant on or about December 13, 1971. On or about May 3, 1972 [A] retained the legal services and representation of respondent and paid him a $200 retainer fee. Respondent failed to move on the matter even though prodded by [A] and even though respondent represented he would take corrective action on [A's] case to Disciplinary Counsel on August 31, 1977, the occasion of his receipt of an informal admonition that date from Disciplinary Counsel for his violation of Disciplinary Rules resulting from his failure to move and take corrective action on this matter to that date. Futhermore, and because of respondent's failure to properly move and take corrective action on the case, the lawsuit previously filed by respondent in the Court of Common Pleas of [ ] County in the case was dismissed on September 23, 1977 pursuant to local rule of court.

## II. HISTORY OF THE PROCEEDINGS

Subsequent to the filing of said proceedings or charges, to which respondent never answered, the matter was referred to a hearing committee. This hearing committee conducted two hearings and on December 17, 1980 filed its report embodying certain findings of fact, conclusions and recommendations. Its conclusion was that respondent did

violate D.R. 6-101(A)(3) but that respondent did not violate D.R. 7-101(A)(1), 7-101(A)(2), or 7-101(A)(3). The hearing committee recommended that respondent be given a period of 30 days after the filing of said hearing committee report within which to make restitution to [A] and to secure from her a release satisfactory to the Office of the Disciplinary Counsel, failing in which he should receive public censure but succeeding in which he should receive a private reprimand. Petitioner filed exceptions and a brief in support thereof to the report of the hearing committee requesting at least public censure as the appropriate discipline for respondent. Respondent has filed no response or brief contra said exceptions.

## III. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

The said recommendation of the hearing committee was unanimous that respondent receive a private reprimand as the appropriate discipline provided he make restitution to his client, [A], and secure from her a release satisfactory to the Office of Disciplinary Counsel within 30 days from the filing of the hearing committee report because there was no intentional conduct of respondent proven to it which would be in violation of D.R. 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3), a violation of only D.R. 6-101(A)(3) having been proven to it but that should respondent fail to make said restitution and secure said release, respondent should receive censure as the appropriate discipline.

## IV. FINDINGS OF FACT

1. On August 31, 1977, Acting Chief Disciplinary Counsel administered an informal admonition

to respondent in connection with a complaint filed with the Office of Disciplinary Counsel by [A] in this same matter (File No. C1-76-580) which charged violation of D.R. 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2), which respondent accepted and which involved the failure of respondent to properly move from May of 1972 to said admonition date in the representation of [A] in her negligence case against defendant which case and claim he assumed in May of 1972 and had done little or nothing on the same and which case and claim are further described below. See Exhibit S-1 (Stipulations of facts between petitioner and respondent) and Exhibit P-1 (record of informal admonition) and which exhibits support findings of facts nos. 1 through 14 hereunder.

2. On the aforesaid occasion, [Disciplinary Counsel] reviewed with respondent the procedures which led to the determination of an informal admonition and the facts of [A's] complaint.

3. At the informal admonition on August 31, 1977, [Disciplinary Counsel] gave respondent a copy of a record of informal admonition, the original of which was signed by respondent in [Disciplinary Counsel's] presence, and a copy of Sections 10 and 11 of the Form 3.

4. At the informal admonition of August 31, 1977, [Disciplinary Counsel] also gave respondent copies of the following documents: Two letters written to [A] by a lawyer; a receipt dated May 3, 1972 for $200 paid by [A]; a letter dated May 27, 1976 written by [A] and a copy of the docket entries for the litigation filed in connection with [A's] case.

5. At the time of the informal admonition on August 31, 1977, respondent made the following representations to [Disciplinary Counsel]: That he would take corrective action regarding [A's] case;

and that he would arrange for an associate or outside counsel to proceed with her case.

6. [A] received a letter from respondent dated September 8, 1977 and, upon receipt of same, called respondent's office and made an appointment to meet with him.

7. [A] met with respondent on or about September 12, 1977 in his office.

8. On the aforesaid occasion, respondent told [A] he would proceed with her case and asked her to prepare a list of the damages she had sustained as a result of an employe of defendant pumping oil into the basement of her home at [   ] on December 13, 1971.

9. [A] did not receive any further communication from respondent subsequent to the meeting of September 12, 1977.

10. Subsequent to the meeting of September 12, 1977, [A] unsuccessfully attempted to contact respondent by telephone at his office on several occasions.

11. Subsequent to the meeting of September 12, 1977, [A] wrote to respondent at his office address of [   ] on the following dates: January 5, 1978, September 16, 1978 and May 1, 1979.

12. Respondent did not reply to any of the aforementioned letters.

13. [   ], the insurance carrier for defendant, did not receive any telephonic or written communication from respondent or any employe of his office subsequent to August 31, 1977 with respect to the claim of [A] and other members of her family against defendant arising out of the incident which occurred on or about December 13, 1971.

14. The insurance carrier closed their file with respect to the [A's] case against defendant in May of 1978 due to the dismissal on September 23, 1977,

with prejudice, of her trespass action filed against defendant, docketed at Common Pleas, [ ] Term, [ ], No. [ ]. See Exhibit P-7 (Certified copy of docket entry no. [ ], [ ] Term, [ ], [ ]County Court of Common Pleas).

## V. CONCLUSIONS OF LAW

1. Respondent did neglect said legal matter of case and claim entrusted to him by [A] and in violation of D.R. 6-101(A)(3).

2. Respondent did intentionally fail to seek the lawful objectives of his client, [A], through reasonably available means and in violation of D.R. 7-101(A)(1).

3. Respondent did intentionally fail to carry out a contract of employment entered into with his client, [A] for professional service and in violation of D.R. 7-101(A)(2).

4. Respondent did intentionally prejudice or damage his client, [A], during the course of their professional relationship and in violation of D.R. 7-101(A)(3).

## VI. PRIOR RECORD

On June 18, 1976, respondent received and accepted an informal admonition from Chief Disciplinary Counsel for violation of D.R. 6-101(A)(3) in proceedings filed to No. 19 D.B. 74. On March 9, 1978, respondent received and accepted an informal admonition from Chief DisciplinaryCounsel for violation of D.R. 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2) in proceedings filed to No. [ ]. On June 15, 1979, respondent received and accepted a private reprimand from the Chairman of the Disciplinary Board for violation of D.R. 9-102(B)(4) in proceedings filed to No. 24 D.B. 78. See Exhibits

P-21(A), P-19(A) and P-18(A). As discussed earlier, respondent also received and accepted an informal admonition from Acting Chief Disciplinary Counsel on August 31, 1977, for having failed to take proper and timely action to that date on the said same case of [A], his conduct then having been found violàtive of D.R. 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2). Said proceedings were filed to No. [ ]. Respondent also had disciplinary difficulties before the Committee of Censors of the [ ] Bar Association at about the time this board was activated. See Exhibits P-23, P-24 and P-25.

## VII. DISCUSSION

With regard to the negligent aspects of respondent's conduct hereunder as the same amount to a violation of D.R. 6-101(A)(3) prohibiting an attorney from neglecting a legal matter entrusted to him there must first be defined the kind and type of negligence or neglect which fits the meaning of neglect as used in this rule.

Such neglect is not an instance of ordinary neglect per se such as inadvertent neglect without more even if such neglect should result in some loss or inconvenience to a client. Adequate remedies exist for this in the way of malpractice actions in the civil courts. Such neglect to be violative of D.R. 6-101(A)(3) must fall within one of the following three categories: (1) Several instances of neglect which happen during the same general period of time, which evidence a pattern of neglect and which result in loss to the client, (2) An instance of neglect and resultant loss to the client which was allowed to occur by a lawyer who had been repeatedly reminded or warned by the client or the client's agent against the same and before the same

occurred or who had been reminded or warned against the same by authorities such as Disciplinary Counsel and before the same occurred; or (3) An instance of neglect resulting in a loss to the client and built upon a prior history or record of neglect resulting in a prior loss to a client and involving the same lawyer. Client loss is an important factor in all of the above three categories because until such loss occurs, the client has sufficient remedy in removing the case or matter from the lawyer involved and taking it to another lawyer.

The foregoing statement is a necessary and perhaps overdue clarification of the rather nebulous state of this Rule; and, such statement was constituted only after an examination of the better reasoned cases decided thereunder the same: Office of Disciplinary Counsel v. Anonymous, No. 128 Disc. Docket No. 1, no. 20 D.B. 75; Office of Disciplinary Counsel v. Anonymous, No. 155 Disc. Docket No. 1, No. 45 D.B. 75 (1977); and Office of Disciplinary Counsel v. Anonymous, No. 129 Disc. Docket No. 1, no. 66 D.B. 75 (1976). Also see In Re Anonymous no. 59 D.B. 77, 11 D. & C. 3d 336 (1979), where a petition for discipline largely based upon violation of D.R. 6-101(A)(3) was finally dismissed on the basis that while ordinary neglect supportive of a claim for malpractice may have been present in the case where the inadvertence of a lawyer caused loss to a client, there was still absent in said case neglect of such a serious character as to be violative of said D.R. 6-101(A)(3). Reference must additionally be made to Informal Opinion no. 1273 of the Committee on Ethics and Professional Responsibility dated November 20, 1973 concerning the same issue of neglect within the meaning of D.R. 6-101(A)(3) and which concludes:

"Neglect involves indifference and a consistent

failure to carry out the obligations which the lawyer has assumed to his client or a conscious disregard for the responsibility owed the client. The concept of ordinary negligence is different. Neglect usually involves more than a single act or omission. Neglect cannot be found if the acts or omissions complained of were inadvertent or the result of an error of judgment made in good faith."

As expressed in the above findings of facts respondent was warned repeatedly by both his client, [   ] and Disciplinary Counsel (even before the August 31, 1977 informal admonition which respondent received from Acting Chief Disciplinary Counsel) to take timely action in the prosecution of [A's] civil case. He did not, and her case was finally dismissed as a result thereof. On top of this and as indicated in Section VI, Prior Record, above, respondent had a prior history or record of officially established neglect which caused losses to clients. Respondent's violation of D.R. 6-101(A)(3) thus was established by a clear preponderance of the evidence, the proper standard of proof for these cases: Berlant Appeal, 458 Pa. 439, 328 A. 2d 471 (1974).

Respondent's violation of said D.R. 6-101(A)(3) having been established it now becomes necessary to discuss the type of discipline to be administered. Several items must be considered under the decided authorities. These are the number of instances of neglect as mentioned above, the harm and/or loss resulting to the client, the mitigating factors if any, any good faith attempts to avoid such repetitions of neglect in the future and the existence of any other past and/or present violations of the Disciplinary Rules by respondent.

Respondent on August 31, 1977 accepted an informal admonition in this very same matter as administered by Acting Chief Disciplinary Counsel

on the basis of violation of D.R. 6-101(A)(3), 7-101(A)(1), and 7-101(A)(2), the latter of the said rules dealing with intentional failure to seek the lawful objectives of the client through reasonably available means and intentionally failing to carry out a contract of employment entered into with a client for professional services. And, at the same informal admonition proceeding respondent promised Acting Chief Disciplinary Counsel to properly and timely move on [A's] case; however, he did not, and her case was finally dismissed at great loss to her. See above findings of fact.

Again, by a clear preponderance of the evidence respondent is not only found almost squarely on every adverse side of all the above mentioned rules but also reflects no beneficial effects from the informal admonition and no concern for the verity of his word as given to either his client or to Acting Chief Disciplinary Counsel. His violation of D.R. 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3) is clear. His failure to act for his client's best interests following his informal admonition on the same matter, his acceptance of said informal admonition and admission thereby to his violation of at least D.R. 7-101(A)(1) and 7-101(A)(2) and his complete disregard of his word to Acting Chief Disciplinary Counsel can only be construed as acts or conduct within the definition of intentional misconduct as embodied by said D.R. 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3).

A suspension from the practice of law for a certain period of time is the appropriate discipline hereunder. In Office of Disciplinary Counsel v. Anonymous, No. 127 Disc. Docket No. 1, no. 66 D.B. 75 (1976), public censure was imposed on a lawyer who neglected various legal matters entrusted to him because of the magnitude of the delay and the loss of moneys to his client. Here,

however, we have something more. We have established neglect within the meaning of D.R. 6-101(A)(3) plus said admission by respondent of his intentional misconduct in violation of D.R. 7-101(A)(1) and 7-101(A)(2) plus his failure to heed said related informal admonition of August 31, 1977 plus his complete disregard of his said promises to Disciplinary Counsel thereat and all of which caused financial loss to the respondent's client. On the other hand here we do not have any mitigating circumstances except, perhaps, his appearing for discipline and hearings when summoned and his not attempting to circumvent the charges directed against him; yet his basic detrimental behavior toward his clients remains uncorrected. Nonetheless, there is no indication anywhere that respondent in the least has been rehabilitated in his most important behavioral aspects here under said Disciplinary Rules. If anything, he seems to be regressing in his attitude toward the law, the welfare of his clients and the disciplinary system. Where a lawyer is found neglectful in violation of D.R. 6-101(A)(3) and persists in such neglect after being administered discipline therefor and where in addition he is also found to have violated almost simultaneously other disciplinary rules and without mitigating circumstances and as is true with respondent hereunder, then suspension from the practice of law is the proper discipline: In re Anonymous no. 8 D.B. 76, 4 D. & C. 3d 381 (1977). In review of all the foregoing it is clear to the Disciplinary Board that here public censure is not adequate discipline. The appropriate discipline is a certain period of suspension from the practice of law.

The record in this case is replete with the serious attention given it by the hearing committee which did perform commendably in searching out the

facts; however, as to said final recommendation of the hearing committee requiring respondent to make restitution to [A] and to secure from her a release, such appears a bit difficult and perhaps unworkable in itself in light of D.R. 6-102(A) which states: "A lawyer shall not attempt to exonerate himself from or limit his ability to his client for his personal malpractice." Respondent generally is not in a position to obtain a release from [A]. With this removed from the hearing committee's main recommendation, its alternative recommendation of public censure must be found as its recommended discipline; however, as explained above, public censure is not adequate or proper discipline for respondent.

## VIII. RECOMMENDATION

The board recommends that respondent, [    ] be suspended from the practice of law for a period of three months by the Supreme Court of Pennsylvania.

Mrs. Neuman did not participate in the adjudication.

## ORDER

ROBERTS, *C.J.*, And now, June 22, 1981, the recommendation of the Disciplinary Board dated May 27, 1981, is accepted; and it is ordered that respondent be and he is suspended from the practice of law in the Supreme Court and in all the courts under its supervisory jurisdiction for the period of three months, and he shall comply with all the provisions of Pa.R.D.E. 217.